UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-19665 |
| | ) | |
| HOWARD V. MISHLER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| _____ | ) | |
| | ) | |
| SHELDON STEIN, TRUSTEE, | ) | Adversary Proceeding No. 10-1062 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING MOTION TO** |
| | ) | **INTERVENE**[1] |
| BARBARA MISHLER, | ) | |
| | ) | |
| Defendant. | ) | |

      The chapter 7 trustee Sheldon Stein filed this adversary proceeding against Barbara Mishler, the debtor's spouse, alleging that the debtor's transfer of a Cadillac to Barbara Mishler a month before filing his bankruptcy was a fraudulent conveyance under 11 U.S.C. §§ 544 and 548, and Ohio Revised Code § 1336.07. The trustee seeks to avoid the transfer and preserve the property for the benefit of the bankruptcy estate.

      The debtor moves to intervene under Federal Rule of Civil Procedure "24(A)(2) and/or 24(B)(2)."[2] The trustee opposes the motion. For the reasons that follow, the motion is denied.

---

[1] This order is entered only to decide the issues presented in this case and is not intended for commercial publication in an official reporter, whether print or electronic.

[2] The relevant rules are actually Rule 24(a)(2) and 24(b)(1)(B).

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

## DISCUSSION

### I. The Complaint

The debtor Howard Mishler filed his chapter 7 case on October 13, 2009. The trustee's complaint alleges that on September 14, 2009 the debtor transferred a 2003 Cadillac valued at $12,000.00 to his wife Barbara Mishler without consideration. The trustee asks that the transfer be avoided and the property preserved for the estate under Bankruptcy Code §§ 544, 548, 550, and 551 and Ohio Revised Code § 1336.07.

### II. The Positions of the Parties

In his motion to intervene, the debtor recites the elements of Rule 24, cites some cases without analysis, and attaches an affidavit. The affidavit says:[3]

> Howard Mishler, being first duly sworn, deposes and says that he has personal knowledge of the facts as herein below set forth.
>
> Affiant further says, that in 2008 he obtained a mortgage loan for which he was the sole Mortgagor[.]
>
> Affiant further says that the common expenses representing antecedent debt including but not limited to the 2003 Cadillac was to be paid in full; Affiant further says, Defendant the owner of the residential home transferred by quit claim deed sufficient interest to satisfy the mortagee [sic];

---

[3] Docket 11.

> Affiant further says that the transfer of the auto was postponed due to Affiant's chronic illness post polio syndrome until 2009;
>
> Affiant further says that Defendant Barbara Mishler received consideration and Affiant received reasonably equivalent value as consideration for the transfer of 2003 Cadillac;
>
> Affiant further says that he filed his chapter 7 due to threatened foreclosure and the levy of judgment for personal debt;
>
> Affiant further says that he asks this court to intervene pursuant to Fed. R. Civ. P 24 A as a matter of right and or under Fed. R. Civ. P. 24 B permissive due to common issue of fact and or law whether the elements of fraudulent conveyance are established or affiant is excepted due to antecedent debt under 11 USC 548 (d(2) (a)[.]
>
> Affiant further says he does not make this request for any dilatory purpose[.]
> Further Affiant Sayeth naught.

The debtor, a disbarred attorney who is represented by counsel, does not make any argument applying the facts of this case to the relevant law.

The trustee responds that the debtor's motion does not meet the mandatory intervention standards set by Rule 24(a)(2), including that the debtor does not have an interest in the car that would give him a substantial legal interest in the outcome of the case. As to permissive intervention under Rule 24(b)(1)(B), the trustee argues that the debtor does not have a claim or defense in common with the existing lawsuit.

### III. Federal Rule of Civil Procedure 24

Federal Rule of Civil Procedure 24 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7024. Rule 24(a)(2) provides in relevant part that the court must permit a person to intervene if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may

3

as a practical matter impair or impede the movant's ability to protect [his] interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). To intervene as of right, the moving party must prove that the motion is timely, the movant has a substantial legal interest in the subject matter of the case, the movant's ability to protect that interest may be impaired if he does not intervene, and the parties to the case cannot adequately protect the movant's interest. *United States v. Michigan,* 424 F.3d 438, 443 (6th Cir. 2005). The Sixth Circuit construes liberally the requirement that the debtor show an "interest" in the subject matter of the lawsuit. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987).

Alternatively, Rule 24(b)(1)(B) provides, again in relevant part, that the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). If that is proven, the court must balance other relevant factors, including whether there is undue delay.

The debtor has not met his burden of proving either that he *must* be permitted to intervene or that he *should* be permitted to intervene under this rule. The trustee's lawsuit is straightforward: he claims that the car transferred by the debtor to his wife on the eve of the bankruptcy filing should be returned to the bankruptcy estate because the wife did not pay adequate consideration for the transfer. With respect to mandatory intervention under Rule 24(a)(2), the debtor has failed to show that he has a substantial legal interest in the subject matter of the lawsuit, which is the car. He does not claim legal title to the car and in fact admits that he transferred it to his wife within the statutorily relevant time frame, although he claims that his wife gave adequate consideration for the car.

The facts of this case are quite similar to those in *Pheasant v. Zaremba (In re Pheasant)*, 398 B.R. 583 (N.D. Ohio 2008). In *Pheasant*, the debtor argued that he should be permitted to

4

intervene in an action involving a house where he lived, but that was titled in the name of his "romantic" partner. The district court upheld the bankruptcy court's decision denying intervention, stating that the debtor "has the same 'legal interest' in this property as he would in a friend's home where he stays *gratis* while visiting the friend. That is to say, he has no legal interest in the property." *Id.* at 588. Similarly, the debtor may be driving the car or be driven in the car, but that does not give him a legal interest in it on the facts presented.

The debtor has also failed to make a case for permissive intervention. To come within Rule 24(b)(1)(B), the debtor must begin by showing that there is a common question of law or fact between the adversary proceeding and his "claim or defense." The debtor does not have a claim here nor does he have a defense. The trustee's action to recover the car or its value is not against the debtor, it is against his wife. The debtor does not need to be a party in this adversary proceeding for Barbara Mishler to argue that she provided consideration for the transfer. On balance of all the relevant factors, the court is firmly of the belief that no useful purpose would be served by permitting the debtor to intervene in this adversary proceeding.

For these reasons, the debtor's motion to intervene is denied.[4]

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

---

[4] Before the debtor filed his motion to intervene, he filed a motion to join hiself as a new party defendant under Rule 19(a)(1)(A) and (a)(1)(B)(i), (ii). (Docket 7). The trustee opposed it. (Docket 8). To the extent that the motion to join was not superseded by the motion to intervene, it is also denied on the ground that the debtor did not prove that he has the required interest in the car.

5